**UNITED STATES of America, Appellee,**

v.

**Godfrey AISABOR, Defendant–Appellant.**

No. 00–1008.

United States Court of Appeals, Second Circuit.

Feb. 28, 2001.

Theodore S. Green, Green & Willstatter, White Plains, NY, for appellant.

Jo Ann M. Navickas, Assistant United States Attorney; Peter A. Norling, Assistant United States Attorney, on the brief, for Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, for appellee.

Present NEWMAN, LEVAL and SACK, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant appeals from a conviction, pursuant to a jury trial, for mail fraud and illegal re-entry into the United States without permission of the Attorney General, pursuant to 18 U.S.C. § 1341 and 8 U.S.C. § 1326(a), respectively.

■ Defendant contends that his due process rights under *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), were violated when the government elicited testimony that during a post-arrest interview after he had been given his *Miranda* warnings, defendant's statement omitted the claim raised by his attorney at trial that he in fact had not previously been deported because the emergency travel documents issued to him to effectuate the deportation had expired.

We reject the contention. This was not a case, as in *Doyle,* where a defendant, having received his *Miranda* warning, including the warning that anything said may be used against him, chooses to remain silent and is later impeached by the suggestion that if his trial defense was true he would have mentioned it at the earlier interview.

In this case, after the receipt of *Miranda* warnings, defendant agreed to answer questions. In answer to the question whether he had ever been ordered to a deportation hearing or ever been deported or removed from the United States, he answered: "Went to a hearing in Pittsburgh, and posted $4,000.00 bond paid in NYC. Never heard any else." This was thus not a case of the defendant availing himself of the safe-harbor of silence promised in the *Miranda* warning. The government argued at trial that the statement was incompatible with his attorney's contention at trial that, although he was ordered deported after the hearing, the deportation did not take place because of the expired travel documents.

Because defendant made no objection at trial, his claim must be adjudicated under the plain error standard. *See* Fed. R.Crim.P. 52(b); *see also United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We find no plain error.

■ Defendant also contends for the first time on appeal that the charge to the jury was defective because, while the court told the jury that it should convict the defendant if it was convinced beyond a reasonable doubt that the defendant had committed the crimes charged, the court did not include a counterbalancing charge that the jury was bound to acquit if it failed to find his guilt beyond a reasonable doubt.

Defendant is correct that such language should have been included. But because defendant failed to object to the instruction, the standard of review is once again plain error. *See* Fed.R.Crim.P. 30. The district court expressly told the jury that the prosecution had the burden to prove defendant's guilt beyond a reasonable doubt, that the government must prove "each of the essential factual elements . . . beyond a reasonable doubt," that the burden never shifts, that the presumption of innocence remains with defendant throughout the trial, and that the jury must consider the presumption of innocence in its deliberation.

In view of the clear inclusion of these factors in the reasonable doubt charge, we cannot find plain error or cause for reversal.

The judgment of the district court is AFFIRMED.